IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY ELEY, #314945  *
    Petitioner,
v.  * CIVIL ACTION NO. JKB-17-1161

WARDEN  *
    Respondent.
*****

MEMORANDUM

On April 27, 2017, Anthony Eley, an inmate confined at the Eastern Correctional Institution, filed a letter with the court, in which he appears to take issue with the loss of diminution and street credits occurring as a result of the revocation of his parole. Eley states that in August of 2016, his parole was violated and revoked on technical rule violations and he lost over 900 days of street credits. He claims, however, that the day before his February 22, 2017, release date, he was informed that 1,787 days of diminution credits and 567 days of street credits had also been revoked. Eley contends that he was punished twice for the same parole violation, violating his rights under the Double Jeopardy Clause.[1] He seeks advice from the court as to what course of action to take. The letter was construed as a 28 U.S.C. § 2241 habeas corpus petition.[2]

---

[1] Eley also references a plea agreement he entered into in 2017. The state court docket reveals that in February of 2017, he pled guilty to one count of second-degree burglary and was sentenced to an eight-year term. *State v. Eley*, Case Number 03K15001553 (Circuit Court for Baltimore County. *See* http://www.casesearch.courts.state.md.us/inquiry.

[2] When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy,* 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose,* 455 at U.S. 523.

An inmate in the custody of the Maryland Division of Correction ("DOC") who wishes to seek the award of diminution credits has two possible avenues for relief. Regardless of whether he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq*.,* to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office ("IGO");

---

U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh,* 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

A review of the cause of action provides no evidence that Eley has exhausted the administrative remedy procedure process in the DOC. Further, both the cause of action and the state court docket (Maryland Judiciary Case indices)[3] fail to show that a habeas corpus petition was received for filing in the state court. Thus, Eley has not exhausted his state court remedies as to his issue. His action must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U.S. at 490-91. The court declines to issue a certificate of appealability. A separate Order follows.

Date: May 2, 2017                              /s/
                                                   James K. Bredar
                                                   United States District Judge

---

[3] *See* http://www.casesearch.courts.state.md.us/inquiry.